In re John J. NEUBAUER, Jr., Debtor.

Civ. No. 93–2436.

United States District Court,
D. Maryland.

Oct. 4, 1994.

D. Christopher Ohly, Law Office, Baltimore, MD, for plaintiff.

Susan K. Gauvey, Nell B. Strachan, Venable, Baetjer & Howard, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

HARGROVE, Senior District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the District of Maryland, dated July 21, 1993, granting the motion of appellees, Mercantile–Safe Deposit & Trust ("Mercantile"), for a protective order requiring appellant, John Neubauer ("Neubauer"), to disclose those persons to whom he intends to reveal Mercantile's confidential information. Neubauer claims that the bankruptcy court's order violates his right to discovery under Rule 26(b)(4) of the Federal Rules of Civil Procedure in that it forces him to reveal to Mercantile those experts with whom Neubauer consults informally but chooses not to retain. For the reasons set forth below, we affirm the protective order issued by the bankruptcy court.

### Facts

On July 6, 1992, the bankruptcy court granted Neubauer's motion for an examination of Mercantile and its representatives, and directed production of certain documents, pursuant to Bankruptcy Rule 2004(a). In his motion, Neubauer alleged Mercantile was negligent in making, administering, and calling loans that Mercantile had made to him and three of his business entities. Neubauer further charged Mercantile with several tort violations; including breach of fiduciary duty, fraudulent inducement to enter into the original loan contracts, negligent misrepresentation, and breach of covenant of good faith and fair dealing.

Before Mercantile would agree to produce the requested documents, however, it wanted a protective order to govern the disclosure of its confidential information. Specifically, Mercantile sought a provision under which Neubauer would have to identify the experts, consultants, or other persons to whom Neubauer intended to disclose any confidential information and Mercantile would then have ten (10) days to object to the disclosure of the information to such persons. After a hearing on the matter on July 21, 1993, the bankruptcy court entered the Final Protective Order, pursuant to Bankruptcy Rule 9018, containing the provision requested by Mercantile. This Court granted Neubauer leave to file an appeal from the order on September 13, 1993.

### Discussion

Neubauer claims the bankruptcy court's protective order violates Rule 26(b)(4) of the Federal Rules of Civil Procedure because it requires him to disclose the identity of those experts whom he does not intend to call as witnesses. In response, Mercantile asserts the protective order provides a safeguard against potentially destructive disclo-

sure of its confidential information to its competitors, with minimal interference with Neubauer's trial preparation. The applicable standard of review of the bankruptcy court's order is neither de novo, as Neubauer suggests, nor clearly erroneous. Rather, an entry of a protective order can only be reversed for abuse of discretion. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 485 (4th Cir. 1992); *United Food & Commercial Workers v. Marval Poultry Co.*, 876 F.2d 346, 351 (4th Cir.1989) ("[T]he impropriety of an ultimate exercise of available discretion is reviewed solely under the abuse of discretion standard.").

■ Rule 26 of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings through Bankruptcy Rule 7026. *See* Bankr.R. 7026. Under Rule 26(c), a court can grant a protective order to any person from whom discovery is sought, upon a showing of good cause, to prevent "annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." Fed.R.Civ.P. 26(c). In order to obtain a protective order for confidential material, a party must show that (1) the material is treated confidentially; and (2) disclosure would cause an identifiable harm. *Cipollone v. Liggett Group Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986); *Deford v. Schmid Products Co.*, 120 F.R.D. 648, 652 (D.Md.1987).

The information Mercantile claims is confidential includes its internal bank policies and procedures on loan decisions and management. Neubauer has not claimed that these documents are not "confidential information." In fact, the parties have agreed as to what documents are confidential and subject to the order's terms. Hearing Transcript at 49. Those classes of documents and information that are not confidential are outlined in great detail in the protective order issued by the bankruptcy court. *See* Final Protective Order ("Order"), ¶ 2.

Mercantile asserts that its business would be severely harmed if competitors could gain access to its confidential information. At the hearing on the protective order, Neubauer conceded the possibility that the experts he consults will be Mercantile's competitors and that it would be difficult to withhold Mercantile's confidential information from them. Hearing Transcript at 51. Neubauer argues, however, that alternative measures exist to prevent misuse by these competitors that would not inhibit Neubauer's own discovery process. Specifically, Neubauer has agreed to have the protective order signed by experts who are informally consulted and then submitted to the court under seal until the end of litigation. Neubauer Brief at 5. According to Neubauer, this would "protect Neubauer's right not to reveal the identity of persons with whom he consults in the preparation of his case, and addresses Mercantile's concern that it obtain the identity of all persons having access to its "trade secrets" and confidential information." *Id.* In response, Mercantile argues that it needs to know which competitor is to receive its confidential information before it is disclosed in order to guard against inappropriate use.

Thus, Neubauer's conflict with the protective order is the timing of the disclosure of experts to whom confidential information is to be shared, opposed to the need to disclose such experts to Mercantile. Specifically, Neubauer is concerned that revealing the identity of his experts who are formally retained but who will not testify as witnesses before trial is a "severe intrusion on the orderly preparation of [his] case" and violates Rule 26(b)(4) of the Federal Rules of Civil Procedure. Neubauer Brief at 6. In support of its defense of the protective order, Mercantile asserts that the bankruptcy court was correct in granting such a restriction pursuant to its broad discretion under Rule 26(c).

■ By the express language of its opening sentence, Rule 26(b)(4) prohibits discovery of facts and opinions held by experts who are not expected to be called as a witness at trial. Fed.R.Civ.Pro. 26(b)(4). Even assuming, without deciding, that the scope of the discovery procedures set forth in subdivision (b)(4) extends to discovery of the identity of Neubauer's experts, the purpose of the rule is not jeopardized by the bankruptcy court's limited protective order. According to the

authority Neubauer cites in his brief, the purpose underlying Rule 26(b)(4) is to "prevent a party to litigation from building his own case by means of his opponent's financial resources, superior diligence and more aggressive preparation." Neubauer Brief at 10. Mercantile, however, does not seek information on the identity of Neubauer's experts to discover their knowledge or gain an unwarranted advantage. Mercantile only wants the opportunity to prevent competitors from gaining access to its confidential business information. This is a legitimate concern and one that is recognized under Rule 26(c)(7). Otherwise, as the bankruptcy court observed, "you [Neubauer's counsel] may go to an officer or someone you think who is a consultant or an officer of a competitor of this bank and that person may get all this information and say I won't be your expert. Now how do we protect the bank ..." Hearing Transcript at 53.

██ The Federal Rules give the courts "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17 (1984), and great deference is shown in administering such orders. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 485 (4th Cir.1992); 8 Wright & Miller, Federal Practice and Procedure, § 2036, at 268. While the protective order issued by the bankruptcy court allows Mercantile to object to Neubauer's disclosure of its confidential information provided in discovery, Mercantile must still demonstrate good cause in order to restrict Neubauer's use of the confidential information. Order, ¶ 9. Neubauer is not prevented from consulting with an expert or inhibited from choosing his experts. He is merely required to identify those experts to whom he decides to disclose Mercantile's confidential information, if and when he chooses to reveal such information. Such a provision is necessary to assure no commercial harm to Mercantile and does not inhibit Neubauer's discovery rights under Rule 26.

### Conclusion

In the present case, Mercantile has shown a need for some type of protective order to prevent the release of its confidential information to competitors. On the other hand, Neubauer must have use of the information to develop his investigation. The final protective order issued by the bankruptcy court strikes the appropriate balance between these competing concerns. Accordingly, the bankruptcy court did not abuse its discretion by requiring Neubauer to give Mercantile prior notice before disclosing Mercantile's confidential information. For the foregoing reasons, the Final Protective Order issued by the Bankruptcy Court allowing Mercantile to discover the identity of experts with whom Neubauer informally consults and a ten (10) day period to object to the retention of any such expert is affirmed. It will be so ordered.